■ THERESA D., Respondent, v SHIHAN KIM, Defendant, and BARRY LEW, Appellant. — In a medical malpractice action, defendant Dr. Barry Lew appeals from a judgment of the Supreme Court, Queens County (Calabretta, J.), entered March 28, 1980, which was in favor of the plaintiff in the principal sum of $318,500, upon a jury verdict. Judgment reversed, on the law, and new trial granted limited to the issue of damages only, without costs or disbursements, unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to decrease the verdict as to damages to $150,000 and to entry of an amended judgment in her favor in said sum. In the event plaintiff so stipulates, then the judgment, as so amended and decreased, is affirmed, without costs or disbursements. Contrary to defendant Dr. Lew's contention, plaintiff carried her burden of proving a prima facie case. However, we find that the evidence fails to support the amount of damages awarded. The testimony of plaintiff's unfortunate and apparently continuing problems did not establish a causal relationship to the incident of malpractice which occurred during performance of a colporrhaphy. Rather, based upon evidence, including the plaintiff's expert's testimony of his examinations of her, it was established that the negligently created fistula was repaired by a later operation. The evidence of plaintiff's current symptoms failed to manifest that prior fistulous condition. A reduction in the award of damages to the extent indicated is warranted in view of the period of time during which plaintiff suffered from the injury caused by the malpractice. Hopkins, J. P., Titone and Mangano, JJ., concur.

Gibbons, J., dissents and votes to modify the judgment, with the following memorandum: Implicit in the verdict for the plaintiff the jury found that, as a result of malpractice following a surgical operation upon or near the walls of plaintiff's vagina, the sphincter was badly damaged and a fistula developed which permitted fecal material to pass into her vagina. The testimony was that

this condition continued right up to the time of trial and that there was fecal material found on a tampon the day before she testified. There is therefore proof which could have been accepted by the jury that despite attempts at surgical repair the plaintiff still suffers the horrendous impairment of excrement passing through her vagina. Under the circumstances, I see no reason to disturb the evaluation of the jury in awarding $300,000 for personal injuries and $8,500 for medical expenses incurred. Future medical expenses were not proved. I would disallow the $10,000 awarded for future medical expenses, thereby reducing the judgment to the principal sum of $308,500.